E-FILED
Tuesday, 11 August, 2026  08:48:40 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MONISHA S. RHODES,      ) | |
|       ) | |
| Petitioner,      ) | |
|       ) | |
| v.      ) | Case No. 25-1383 |
|       ) | |
| WARDEN, FCI HAZELTON,      ) | |
|       ) | |
| Respondents.      ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Petitioner Monisha S. Rhodes' ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1), Respondent Warden, FCI Hazelton's Response (d/e 16), and Petitioner's Reply (d/e 21). Because Petitioner's Petition (d/e 1) does not establish that she is eligible to receive or utilize time credits under the First Step Act, see 18 U.S.C. § 3632(d)(4)(D)(lxvi); see also 18 U.S.C. § 3624(g)(1)(D)(i)-(ii), Petitioner's Petition (d/e 1) is DENIED with prejudice.

## I.     JURISDICTION

A habeas petition filed pursuant to 28 U.S.C. § 2241 arises

under federal law. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Because Petitioner filed the Petition in this Court while incarcerated at Federal Correctional Institution, Pekin, <u>see</u> d/e 1, p. 1, which is located within the Central District of Illinois, this Court has jurisdiction over this matter. <u>See</u> <u>In re Hall</u>, 988 F.3d 376 (7th Cir. 2021).

## II.     BACKGROUND

Unless otherwise noted, the following facts are taken from Petitioner's and Respondent's briefs. <u>See</u> 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

On January 12, 2021, in the U.S. District Court for the Southern District of Indiana, Petitioner entered a plea of guilty to one count of possessing a firearm as a felon and was sentenced to time served and three years' supervised release with no fine

imposed. See d/e 17, pp. 8, 12-18; see also United States v. Rhodes, Case No. 19-cr-00163 (S.D.Ind.).

On September 8, 2021, a four-count Indictment was filed in that court in which Count 1 alleged that Petitioner "knowingly and intentionally possessed with the intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of [fentanyl], a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l)." d/e 17, p. 29; see also United States v. Rhodes, Case No. 21-cr-00258 (S.D.Ind.).

On January 30, 2023, also in the U.S. District Court for the Southern District of Indiana, Petitioner entered a plea of guilty to Count 1 for possession with intent to distribute 400 grams or more of fentanyl under in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 120 months' imprisonment, to be served consecutively to the sentence imposed on her violation of supervised release in the firearm case. See d/e 17, pp. 26, 33-34; see also United States v. Rhodes, Case No. 21-cr-00258 (S.D.Ind.).

On February 3, 2023, Petitioner admitted that she had violated the terms of her supervised release in the firearm case. See

d/e 17, pp. 9-10. The Court revoked Petitioner's supervised release in the firearm case and imposed a sentence of twenty-four months in prison, to be served consecutively to the sentence in the fentanyl case. Id., see also id. at pp. 40-41; see also United States v. Rhodes, Case No. 19-cr-00163 (S.D.Ind.). The Bureau of Prisons ("BOP") aggregated Petitioner's fentanyl sentence and her revocation sentence into a single 144-month sentence. See d/e 16, p. 23; see also 18 U.S.C. § 3584(c).

Beginning between March and May 2023, Petitioner was classified as eligible to earn time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. See d/e 1, p. 2; d/e 16, pp. 5-6. From then until December 2023, Petitioner earned "nearly a year's worth" of First Step Act credits for participating in "evidence-based recidivism reduction programming." See d/e 1, p. 2. In December 2023, Petitioner's classification was changed to statutorily ineligible to earn First Step Act credits, and Petitioner lost the First Step Act credits she had previously earned. See id., see also d/e 16, p. 6. Respondent states that Petitioner "was correctly classified as ineligible to earn [First Step Act] credits upon

starting her current sentence, [] her classification was incorrectly changed to eligible in May 2023," and her classification "was corrected in December 2023" to statutorily ineligible to earn First Step Act credits, as it has been ever since. d/e 16, pp. 5-6.

On September 11, 2025, Petitioner filed a Petition (d/e 1) asking this Court to "order the BOP to correctly calculate and apply all earned [First Step Act] time credits to Petitioner's sentence, including those previously awarded while classified as eligible." Id. at p. 3. Petitioner argues that the Act "does not clearly and unambiguously exclude all individuals convicted under 21 U.S.C. § 841(a)(1) from utilizing [First Step Act] time credits" and that she "relied" on her classification as eligible in participating in First Step Act programming during that time. Id. at p. 2. Petitioner also asks the Court to "[o]rder Petitioner's immediate transfer to pre-release custody or supervised release if such application shows that Petitioner is entitled to it" and to "[g]rant any other relief the Court deems just and proper." Id. at p. 3.

On December 30, 2025, Petitioner filed a Response to the Petition (d/e 16), to which Petitioner filed a Reply on March 2, 2026

(d/e 21). On May 18, 2026, Petitioner filed a letter with this Court (d/e 23).

On October 10, 2025, BOP used the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), pursuant to the First Step Act, to calculate Petitioner's recidivism risk as "medium." See d/e 16, p. 6; see also d/e 16-1, pp. 55-56 (FSA Time Credit Assessment); see also id. at p. 5, ¶ 11 (Declaration of Melissa Perrigan, Secure Female Facility Administrator at Federal Correctional Complex Hazelton). Respondent asserts, and Petitioner does not dispute, that, as of October 10, 2025, BOP has never assessed Petitioner with a minimum or low risk of recidivism. Id.

Petitioner is currently incarcerated at Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, with a projected release date of October 30, 2031. See d/e 16, p. 5; see also Find an inmate, https://www.bop.gov/inmateloc/ (last referenced July 28, 2026).

### III.   LEGAL STANDARD

A petitioner challenging his custody under 28 U.S.C. § 2241 must show that he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 21 U.S.C. § 841(a), titled "Unlawful Acts," "it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance" except as authorized by that subchapter. Id.

The following subsection—21 U.S.C. § 841(b), titled "Penalties"—specifies how "any person who violates subsection (a) of this section shall be sentenced[.]" Id. Under 21 U.S.C. § 841(b)(1)(A)(vi), "[i]n the case of a violation of subsection (a) of this section involving...400 grams or more of a mixture or substance containing a detectable amount of" fentanyl, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life[.]" Id.

The First Step Act states, in relevant part, that "[a] prisoner is ineligible to receive time credits...if the prisoner is serving a sentence for a conviction under" 21 U.S.C. § 841(b)(1)(A)(vi), "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of" fentanyl. 18 U.S.C. § 3632(d)(4)(D)(lxvi).

Under the First Step Act, BOP must "determine the recidivism risk of each prisoner as part of the intake process, and classify each prisoner as having minimum, low, medium, or high risk for recidivism" using "a risk and needs assessment system." See 18 U.S.C. § 3632(a)(1). BOP uses the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") to make such determinations. See PATTERN Risk Assessment, https://www.bop.gov/inmates/fsa/pattern.jsp (last visited Aug. 7, 2026); see also BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, at Section 5 (https://www.bop.gov/policy/progstat/5410.01_cn2.pdf).

Absent a special determination by the warden that neither party argues applies here, see 18 U.S.C. § 3624(g)(1)(D)(i)(II), a prisoner must have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" to be eligible for prerelease custody and "pursuant to the last reassessment of the prisoner" to be eligible for supervised release. 18 U.S.C. § 3624(g)(1)(D)(i)-(ii).

## IV.    ANALYSIS

Petitioner alleges that "[t]he language of 18 U.S.C. § 3632(d)(4)(D) does not clearly and unambiguously exclude all individuals convicted under 21 U.S.C. § 841(a)(1) from utilizing [First Step Act] time credits." d/e 1, p. 2.

The Court agrees with Petitioner that 18 U.S.C. § 3632(d)(4)(D) does not categorically exclude all individuals convicted under 21 U.S.C. § 841(a)(1) from receiving and therefore utilizing First Step Act time credits. However, 18 U.S.C. § 3632(d)(4)(D) does explicitly exclude individuals convicted "[i]n the case of a violation of subsection (a) of this section involving…400 grams or more of a mixture or substance containing a detectable amount of" fentanyl

and, therefore, "sentenced to a term of imprisonment which may not be less than 10 years or more than life" under 21 U.S.C. § 841(b)(1)(A)(vi). <u>See</u> 18 U.S.C. § 3632(d)(4)(D).

Petitioner was charged with, pled guilty to, and sentenced for one count of possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1). <u>See</u> d/e 17, pp. 26, 29, 33-34; <u>see</u> <u>also</u> <u>United States v. Rhodes</u>, Case No. 21-cr-00258 (S.D.Ind.). Because Petitioner "violate[d] subsection (a) of [21 U.S.C. § 841]," 21 U.S.C. § 841(b) specifies how she "shall be sentenced[.]" <u>See</u> <u>id.</u> Because Petitioner's "violation of subsection (a) of this section involve[ed]…400 grams or more of a mixture or substance containing a detectable amount of" fentanyl, she was "sentenced to a term of imprisonment which may not be less than 10 years or more than life" under 21 U.S.C. § 841(b)(1)(A)(vi). <u>See</u> <u>id.</u>

Because Petitioner "is serving a sentence for a conviction under" 21 U.S.C. § 841(b)(1)(A)(vi), "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of" fentanyl, she "is ineligible to receive time

Page **10** of **13**

credits" under 18 U.S.C. § 3632(d)(4)(D)(lxvi) of the First Step Act. See id.

Even if Petitioner's crime of conviction did not render her ineligible to receive time credits under the First Step Act, her recidivism risk under the Risk and Needs Assessment System renders her ineligible for prerelease custody or supervised release custody.

To be eligible for prerelease custody or supervised release through Risk and Needs Assessment System participation, a prisoner must have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" to be eligible for prerelease custody and "pursuant to the last reassessment of the prisoner" to be eligible for supervised release. See 18 U.S.C. § 3624(g)(1)(D)(i)-(ii).

On October 10, 2025, BOP used the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), pursuant to the First Step Act, to calculate Petitioner's recidivism risk as "medium." See d/e 16, p. 6; see also d/e 16-1, pp. 55-56 (FSA Time Credit Assessment); see also id. at p. 5, ¶ 11 (Declaration of Melissa

Perrigan, Secure Female Facility Administrator at Federal Correctional Complex Hazelton).

Even if Petitioner were to recoup the "nearly a year's worth" of First Step Act credits she earned in 2023 and BOP assessed her with a minimum or low risk of recidivism since her October 10, 2025 "medium" recidivism risk assessment, she would not be eligible for supervised release because of her projected release date of October 30, 2031. See 18 U.S.C. § 3624(g)(1)(D)(ii). And even if BOP assessed Petitioner with a minimum or low risk of recidivism since her October 10, 2025 "medium" recidivism risk assessment in keeping with the April and October schedule of her prior assessments, Petitioner would not have "been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" to be eligible for prerelease custody under 18 U.S.C. § 3624(g)(1)(D)(i). See id.

The Court is sympathetic to the change in Petitioner's eligibility classification to earn time credits under the First Step Act, as well as to Petitioner's policy-related arguments. See d/e 1, p. 2; see also d/e 16, pp. 5-6. However, the text of the First Step Act

Page **12** of **13**

indicates that Petitioner's conviction and sentence under 21 U.S.C. § 841(b)(1)(A)(vi), as well as her lack of minimum and low recidivism risk assessments, prevent her from earning or applying any First Step Act credits. See 18 U.S.C. § 3632(d)(4)(D)(lxvi); see also 18 U.S.C. § 3624(g)(1)(D)(i)-(ii).

### V.     CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus does not establish that she is eligible to receive or use time credits under the First Step Act. See id. Therefore, Petitioner does not show that she is being held "in violation of the Constitution or laws or treaties of the United States," as required under 28 U.S.C. § 2241(c)(3), and Petitioner's Petition (d/e 1) is DENIED with prejudice. This case is CLOSED.

**IT IS SO ORDERED.**

**ENTERED: August 10, 2026**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**